# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH RESCH, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. 11-6893 |
| v. | : : | |
| KRAPF'S COACHES, INC., | : : | |
| Defendant. | : : | |

## Memorandum

YOHN, J.                                                                                                         June 28, 2012

Plaintiff, Joseph Resch, moves for conditional certification of an opt-in collective action under section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). For the reasons explained below, I will grant plaintiff's motion.

**I.     Background**

On November 3, 2011, plaintiff brought this action under the FLSA and the Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. Ann. § 260.1 *et seq.*, on behalf of himself and other employees and former employees of defendant, Krapf's Coaches, Inc. ("Krapf's Coaches").[1] Krapf's Coaches is a bus company that provides shuttle services for private companies, local colleges, and the Southeastern Pennsylvania Transportation Authority (SEPTA) through its

---

[1] On November 10, 2011, plaintiff filed a notice of consent by Anita M. King to become a plaintiff in this action under section 16(b) of the FLSA.

Transit Division. (Compl. ¶ 10.) Since 2009, the Transit Division of Krapf's Coaches has operated 28 fixed shuttle service routes, 26 of which are operated entirely within the Commonwealth of Pennsylvania. (Pl.'s Br. in Supp. of his Mot. for Conditional Certification ("Pl.'s Br.") Ex. B.) Krapf's Coaches also provides charter-bus services through its Charter Division and paratransit services through its ROVER Division. (Def. Krapf's Coaches, Inc.'s Resp. to Pl.'s Mot. for Conditional Certification ("Resp.") App. I, Dep. of Gary D. Krapf (Feb. 21, 2012) ("Krapf Dep.") at 12:18-24, 40:3-5.)

Plaintiff alleges that he, and others similarly situated, have been employed as shuttle drivers in the Transit Division since October 31, 2008,[2] and that Krapf's Coaches failed to compensate them at one and one-half times the regular rate of pay for hours worked in excess of forty hours per week, in violation of federal and state law. (Compl. ¶¶ 9, 15-19.) Plaintiff asks me to conditionally certify a collective action consisting of "all individuals who were employed by defendant as Transit Route drivers who worked over 40 hours during any workweek within the past three years."[3] (Pl.'s Mot. for Conditional Certification at 1.)

**II.    Discussion**

Collective actions brought under the FLSA are governed by § 216(b), which provides for an opt-in procedure for plaintiffs desiring to be included in the litigation. 29 U.S.C. § 216(b).

---

[2] Plaintiff began his employment with Krapf's Coaches in May 2010 and left his position after filing this action. (Compl. ¶ 11; Pl.'s Br. at 2 n.1.)

[3] The complaint had defined the class of potential opt-in litigants as "all individuals who were employed by Defendant as drivers within Defendant's 'Transit/Coach' Division who worked over 40 hours during any workweek since October 31, 2008[,] and did not regularly leave the boundaries of the Commonwealth of Pennsylvania as part of their employment." (Compl. ¶ 20.) Plaintiff appears to have abandoned this definition.

There are two requirements for potential plaintiffs to be included in the collective action: plaintiffs must (1) be "similarly situated" and (2) give written consent. *Id.* (stating that "[a]n action to recover the liability . . . may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" and plaintiffs must "give[] [their] consent in writing to become such a party and such consent is filed in the court in which such action is brought"). However, the "similarly situated" standard for employees to proceed collectively under the FLSA is not defined by the statute. *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011). The FLSA also does not provide specific procedures by which potential plaintiffs may opt in, but the Supreme Court has held that "district courts have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).[4] The Court further stated that "once a[] [FLSA] action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 171.

"In deciding whether a suit brought under § 216(b) may move forward as a collective action, courts typically employ a two-tiered analysis." *Symczyk*, 656 F.3d at 192. During the initial phase, which is conducted early in the litigation process when the court has minimal evidence, "the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." *Id*. "[I]f the plaintiff carries her burden at this threshold stage, the court will 'conditionally certify' the

---

[4]*Hoffmann-La Roche* involved the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, which incorporates the collective-action provisions of the FLSA.

collective action for the purposes of notice and pretrial discovery." *Id*. "After discovery, and with the benefit of a much thicker record than it had at the notice stage, a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Id*. at 193 (internal quotation marks omitted). If the plaintiff carries her heavier burden during the second phase "the case may proceed to trial as a collective action." *Id*.

At the first step of the inquiry, "the plaintiff . . . [must] make a modest factual showing that the proposed recipients of opt-in notices are similarly situated." *Id*. (internal quotation marks omitted). Under this standard, "a plaintiff must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id*. (internal quotation marks omitted). However, this remains a lenient burden. *Smith v. Sovereign Bancorp, Inc.*, No. 03-2420, 2003 U.S. Dist. LEXIS 21010, at *10 (E.D. Pa. Nov. 13, 2003). Further, the merits of plaintiff's claims need not be evaluated in order for notice to be approved and disseminated. *Chabrier v. Wilmington Fin., Inc.*, No. 06-4176, 2006 U.S. Dist. LEXIS 90756, at *6 (E.D. Pa. Dec. 13, 2006) (citing *Aquilino v. Home Depot, Inc.*, No. 04-4100, 2006 U.S. Dist. LEXIS 66084, *5 (D.N.J. Sept. 6, 2006)).

    A.    **Conditional Certification**

This motion concerns only the first step of the above-detailed inquiry. Some limited discovery has been completed, and plaintiff supplies portions of the deposition of Gary D. Krapf, the president of Krapf's Coaches, in support of his motion. Plaintiff has adduced evidence that during the time he was employed by Krapf's Coaches he was not paid an overtime premium for

collective action for the purposes of notice and pretrial discovery." *Id*. "After discovery, and with the benefit of a much thicker record than it had at the notice stage, a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Id*. at 193 (internal quotation marks omitted). If the plaintiff carries her heavier burden during the second phase "the case may proceed to trial as a collective action." *Id*.

At the first step of the inquiry, "the plaintiff . . . [must] make a modest factual showing that the proposed recipients of opt-in notices are similarly situated." *Id*. (internal quotation marks omitted). Under this standard, "a plaintiff must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id*. (internal quotation marks omitted). However, this remains a lenient burden. *Smith v. Sovereign Bancorp, Inc.*, No. 03-2420, 2003 U.S. Dist. LEXIS 21010, at *10 (E.D. Pa. Nov. 13, 2003). Further, the merits of plaintiff's claims need not be evaluated in order for notice to be approved and disseminated. *Chabrier v. Wilmington Fin., Inc.*, No. 06-4176, 2006 U.S. Dist. LEXIS 90756, at *6 (E.D. Pa. Dec. 13, 2006) (citing *Aquilino v. Home Depot, Inc.*, No. 04-4100, 2006 U.S. Dist. LEXIS 66084, *5 (D.N.J. Sept. 6, 2006)).

    A.    **Conditional Certification**

This motion concerns only the first step of the above-detailed inquiry. Some limited discovery has been completed, and plaintiff supplies portions of the deposition of Gary D. Krapf, the president of Krapf's Coaches, in support of his motion. Plaintiff has adduced evidence that during the time he was employed by Krapf's Coaches he was not paid an overtime premium for

collective action for the purposes of notice and pretrial discovery." *Id*. "After discovery, and with the benefit of a much thicker record than it had at the notice stage, a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Id*. at 193 (internal quotation marks omitted). If the plaintiff carries her heavier burden during the second phase "the case may proceed to trial as a collective action." *Id*.

At the first step of the inquiry, "the plaintiff . . . [must] make a modest factual showing that the proposed recipients of opt-in notices are similarly situated." *Id*. (internal quotation marks omitted). Under this standard, "a plaintiff must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id*. (internal quotation marks omitted). However, this remains a lenient burden. *Smith v. Sovereign Bancorp, Inc.*, No. 03-2420, 2003 U.S. Dist. LEXIS 21010, at *10 (E.D. Pa. Nov. 13, 2003). Further, the merits of plaintiff's claims need not be evaluated in order for notice to be approved and disseminated. *Chabrier v. Wilmington Fin., Inc.*, No. 06-4176, 2006 U.S. Dist. LEXIS 90756, at *6 (E.D. Pa. Dec. 13, 2006) (citing *Aquilino v. Home Depot, Inc.*, No. 04-4100, 2006 U.S. Dist. LEXIS 66084, *5 (D.N.J. Sept. 6, 2006)).

    A.    **Conditional Certification**

This motion concerns only the first step of the above-detailed inquiry. Some limited discovery has been completed, and plaintiff supplies portions of the deposition of Gary D. Krapf, the president of Krapf's Coaches, in support of his motion. Plaintiff has adduced evidence that during the time he was employed by Krapf's Coaches he was not paid an overtime premium for

the hours he worked in excess of 40 during the workweek. (Resp., App. II, Dep. of Joseph Resch (Feb. 21, 2012) 27:9-17.) Furthermore, plaintiff's evidence suggests that other Transit Division drivers were also denied overtime pay for the overtime they worked. (Pl.'s Br., Ex. A, Krapf Dep. at 9:9-10:23.) In fact, the president of Krapf's Coaches testified that it has been the company's policy for the last 20 years to categorize all Transit Division drivers as overtime exempt. (*Id*. at 10:4-11:2.)[5] In formulating and implementing this uniform exemption policy, Krapf's Coaches treats all Transit Division drivers alike and does not consider any individualized characteristics of a driver's employment with the company such as which routes the employee drives or where his or her route makes stops, strongly suggesting that these employees are in fact similarly situated. (*Id*. at 14:19-23, 17:14-18.) Plaintiff has adduced evidence that the Transit Division drivers are also treated similarly with respect to their applications for employment, their qualifications, their training, their job descriptions, and their evaluations. (*Id*. at 19:20-20:15, 22:12-23:7, 38:10-22, 40:9-19, 47:19-49:6, 59:2-5.) Thus I find under the lenient first step that plaintiff has made a "modest factual showing" that there are "similarly situated" persons who may desire to opt in to the litigation. Accordingly, I will conditionally certify a collective action consisting of "all individuals who were employed by defendant as Transit Route drivers who worked over 40 hours during any workweek within the past three years."

    Krapf's Coaches has proffered evidence to rebut plaintiff's claim that potential opt-in plaintiffs are similarly situated—for example, Krapf's Coaches emphasizes the differences in the 28 fixed routes that the Transit Division operates, the varying combinations of routes driven by

---

[5] Defendant argues that all employees who are involved in interstate commerce are exempt from the overtime requirements under the Motor Carrier Act. (Resp. at 7 (citing 29 U.S.C. § 213(b)(1) and 29 C.F.R. 782.2(a)).)

individual employees, and distinctions between drivers who have driven only for the Transit Division and those who have also driven for the ROVER Division or the Charter Division.[6] However, such evidence is more appropriately reviewed pursuant to a decertification motion or a motion for summary judgment after more discovery has been completed. *See Bosley v. Chubb Corp.*, No. 04-4598, 2005 U.S. Dist. LEXIS 10974, at *12 (E.D. Pa. June 3, 2005) (finding that evidence that proposed class members did not perform the same duties as named plaintiffs is appropriately considered at step two). Although Krapf's Coaches argues that these alleged dissimilarities between potential opt-in plaintiffs are relevant to the "critical issue of . . . the applicability of the Motor Carrier Act exemption for each plaintiff" (Resp. at 10), "at this preliminary stage of the case, these differences among proposed class members and the potential impact of FLSA exemptions do not undermine Plaintiff['s] modest factual showing," *Scott v. Bimbo Bakeries, Inc.*, No. 10-3154, 2012 U.S. Dist. LEXIS 26106, at *37 (E.D. Pa. Feb. 29, 2012). *See also Burkhart-Deal v. Citifinancial, Inc.*, No. 07-1747, 2010 U.S. Dist. LEXIS 9534, at *9 (W.D. Pa. Feb. 4, 2010) ("[A] defendant's claim or defense that individualized

---

[6] According to Krapf's Coaches, "[t]he only way to determine with accuracy which routes a transit driver drove is to pull the paper copy of the Charter Bus Operator report . . . filled out by each driver at the end of each day . . . [which are] maintain[ed] . . . in chronological order . . . not by driver." (Resp. at 5-6.) Krapf's Coaches therefore concludes that a collective action in this case would not serve the twin goals of reducing the per-plaintiff cost of litigation and benefitting the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffmann-La Roche*, 493 U.S. at 170. However, because the relevant records are not electronic and are maintained chronologically, it is likely more efficient and cost-effective to search them once in their entirety for information relevant to the opt-in plaintiffs in this collective action than it would be to search them anew for every individual action that the opt-in plaintiffs could maintain if this action did not proceed in a collective form. Moreover, defendant provides no estimate of the number of employees who might opt in to this litigation and no basis on which to evaluate the extent of any potential administrative difficulties or expense.

circumstances of employees render the matter unsuitable for collective treatment may be more appropriately reviewed during step two of the certification process.").

      **B.**      **Form of Notice and Opt-In Consent**

District courts have wide discretion in the implementation of notice to proposed plaintiffs. *See Engers v. AT&T*, No. 98-3660, 2007 U.S. Dist. LEXIS 37937, at *4 (D.N.J. May 24, 2007) (citing *Hoffmann-La Roche*, 493 U.S. at 169) ("Decisions as to whether to facilitate notice to potential plaintiffs, and how to facilitate it, are matters entrusted to the district court's discretion."). The Supreme Court has admonished that district courts "must be scrupulous to respect judicial neutrality" and "must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche*, 493 U.S. at 174. Counsel for plaintiff and Krapf's Coaches are directed to meet and confer regarding the form and content of the proposed notice to putative class members, in accordance with this memorandum.

      An appropriate order follows.